UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

JEFFREY PHARR,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. MICHELLE FECKER, P.O. RALPH REMY, P.O. SEAN MCCAFFERY, P.O. DINA PERILLO, P.O. RYAN SCANNELL, P.O. BRIAN WORTHINGTON, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                    Defendants.

----------------------------------------------------------------------X

**AMENDED COMPLAINT**

11 CV 5991 (JBW) (SMG)

**JURY TRIAL DEMANDED**

      Plaintiff JEFFREY PHARR, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff JEFFREY PHARR is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of New York and the State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. MICHELLE FECKER, P.O. RALPH REMY, P.O. SEAN MCCAFFERY, P.O. DINA PERILLO, P.O. RYAN SCANNELL, P.O. BRIAN WORTHINGTON, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On the afternoon of September 14, 2010, plaintiff JEFFREY PHARR was lawfully within his residence, located at 139-08 232nd Street, in the County of Queens, in the City and State of New York.

14. At aforesaid time and place, defendants placed plaintiff JEFFREY PHARR in handcuffs and under arrest, despite defendants' knowledge that they lacked probable cause to do so.

15. Defendants advised plaintiff JEFFREY PHARR that he had been handcuffed because he was "being disrespectful."

16. Defendants removed plaintiff JEFFREY PHARR from his home and brought him outside in handcuffs, in view of several neighbors.

17. Once outside, defendants violently slammed plaintiff JEFFREY PHARR to the ground, and repeatedly kicked him in the leg and torso.

18. As a result of this unprovoked assault, plaintiff JEFFREY PHARR sustained, *inter alia*, injuries to his back, knees, thigh, and torso.

19. Members of the New York City Police Department have a custom and practice of using excessive force while taking minority males into custody.

20. The existence of the aforesaid custom and practice may be inferred from repeated occurrences of similar wrongful conduct, as documented in, *inter alia*, the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Danny Rodriguez and Jose Rodriguez v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0357;

- **Pierre Francis v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 11468;

- **Lakus Brown v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11186;

- **Daniel Castro v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11602;

- **Yves Etienne v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 3361;

- **Daniel Claudio v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0022;

- **Tori Staton v. City of New York,** United States District Court, Southern District of New York, 08 Civ. 4423;

- **Leon Brown v. City of New York,** United States District Court, Eastern District of New York, 09 CV 4853; and

- **Douglas Hines v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 10457.

21. This documented culture of violence within NYPD, in which excessive force is both prevalent and acceptable, was a proximate cause of the actions of the defendant police officers and of plaintiff's damages.

22. Defendants transported plaintiff JEFFREY PHARR to Jamaica Hospital, where he was held in custody for approximately twenty-four hours before being released.

23. As a result of the foregoing, plaintiff JEFFREY PHARR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff JEFFREY PHARR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JEFFREY PHARR's constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff JEFFREY PHARR was subjected to excessive force and sustained physical injuries.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff JEFFREY PHARR was subjected to an illegal, improper and false arrest and taken into custody and caused to be

falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff JEFFREY PHARR's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Each and every individual defendant had an affirmative duty to intervene on plaintiff JEFFREY PHARR's behalf to prevent the violation of his constitutional rights.

38. The individual defendants failed to intervene on plaintiff JEFFREY PHARR's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

39. As a result of the aforementioned conduct of the individual defendants, plaintiff JEFFREY PHARR's constitutional rights were violated and he was falsely arrested and subjected to excessive force and sustained physical injuries.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, using excessive force while taking minority males into custody.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JEFFREY PHARR.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JEFFREY PHARR as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JEFFREY PHARR as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JEFFREY PHARR was unlawfully subjected to excessive force.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JEFFREY PHARR's constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff JEFFREY PHARR of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

        D.        Not to have cruel and unusual punishment imposed upon him; and

        E.        To receive equal protection under the law.

49. As a result of the foregoing, plaintiff JEFFREY PHARR is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. On or about December 9, 2010, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

52. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on February 28, 2011.

54. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

55. Plaintiff has complied with all conditions precedent to maintaining the instant action.

56. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants' aforementioned actions placed plaintiff JEFFREY PHARR in apprehension of imminent harmful and offensive bodily contact.

59. As a result of defendants' conduct, plaintiff JEFFREY PHARR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendant police officers touched plaintiff JEFFREY PHARR in a harmful and offensive manner.

62. Defendant police officers did so without privilege or consent from plaintiff JEFFREY PHARR.

63. As a result of defendants' conduct, plaintiff JEFFREY PHARR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE ARREST</u>

64.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.   Defendant police officers arrested plaintiff JEFFREY PHARR in the absence of probable cause and without a warrant.

66.   As a result of the aforesaid conduct by defendants, plaintiff JEFFREY PHARR was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated.

67.   The aforesaid actions by the defendants constituted a deprivation of plaintiff JEFFREY PHARR's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE IMPRISONMENT</u>

68.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.   As a result of the foregoing, plaintiff JEFFREY PHARR was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

70.   Plaintiff JEFFREY PHARR was conscious of said confinement and did not consent to same.

71.   The confinement of plaintiff JEFFREY PHARR was without probable cause and was not otherwise privileged.

72.   As a result of the aforementioned conduct, plaintiff JEFFREY PHARR has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

75. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

76. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

77. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff JEFFREY PHARR.

78. As a result of the aforementioned conduct, plaintiff JEFFREY PHARR suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the assault on plaintiff JEFFREY PHARR.

81. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. MICHELLE FECKER, P.O. RALPH

REMY, P.O. SEAN MCCAFFERY, P.O. DINA PERILLO, P.O. RYAN SCANNELL, P.O. BRIAN WORTHINGTON, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault on and arrest of plaintiff JEFFREY PHARR.

84. As a result of the foregoing, plaintiff JEFFREY PHARR is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff JEFFREY PHARR demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         November 26, 2012

_____/s_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355